Mr. James P. McGuinness Executive Director Ogdensburg Bridge and Port Authority
This is in reply to your inquiry as to whether the Ogdensburg Bridge and Port Authority may enter into a contract for the services of an accounting firm of which the Vice-Chairman of the Authority Board is a member. The Ogdensburg Bridge and Port Authority was established by a 1960 statute (ch 1071), which merged the functions and duties of the Ogdensburg Bridge Authority with those of the Ogdensburg Port Authority. All statutory provisions which regulated the former authorities remain effective and govern the operations of the existing authority (Public Authorities Law, §§ 725, 734). Section 714 of the Public Authorities Law, which governed the Ogdensburg Bridge Authority, provides:
 "It shall be a misdemeanor, punishable by fine or imprisonment, for any members of the board * * * to be in any way or manner interested, directly or indirectly, in furnishing materials, supplies or labor for the erection of a project or any contract which such authority is empowered to make."
Section 1396 of the same law, which governed the Ogdensburg Port Authority, provided:
 "It shall be a misdemeanor for a member of the authority * * * to be in any way or manner interested, directly or indirectly, as a principal, surety or otherwise, in a contract, the expense or consideration whereof is payable out of funds of the authority."
We have said that any distinctions in the language used in these two sections are inconsequential (1961 Op Atty Gen 53).
The Authority has the power to enter into a contract to update its accounting procedures (§ 703[7]), which is the purpose of the contract you refer to. The Authority does not have the power to enter into a contract that results in the commission of a misdemeanor by one of its members. (See Penal Law, § 20.00.)
We conclude that the Ogdensburg Bridge and Port Authority may not enter into a contract with an accounting firm one of the members of which is the Vice-Chairman of the Authority.
We recognize that the amount of money involved in the proposed contract is small and that resources for contracts of this sort are limited in the Ogdensburg area. Unfortunately, there are no exceptions or qualifications in the applicable statutory provisions that would permit a contractual arrangement under exceptional circumstances. For example, the contract you propose would be permitted under section 73(4) of the Public Officers Law if the contract were awarded after competitive bidding.